IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

CHARLES W. LYNCH §
§
　　　　　Plaintiff, §
§
VS. § NO. 7-10-CV-0032-BD
§
MICHAEL J. ASTRUE, §
Commissioner of Social Security §
§
　　　　　Defendant. §

**MEMORANDUM OPINION AND ORDER**

Plaintiff Charles W. Lynch seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that he is disabled due to a variety of ailments, including chronic knee pain, a low IQ, and injuries sustained when he was struck by a motor vehicle. After his applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. Two hearings were held in this case. The first hearing resulted in a decision denying disability and SSI benefits. The Appeals Council vacated that decision and remanded the case for further evaluation of plaintiff's mental impairment. A second hearing before a different ALJ was held on March 8, 2008. At the time of the second hearing, plaintiff was 25 years old. He has less than a high school education and past work experience as an animal caretaker, an auto detailer, and a lawn worker. Plaintiff has not engaged in substantial gainful activity since August 24, 2002.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from a variety of physical and mental impairments, including residuals from an automobile accident, left knee problems, borderline intellectual functioning, a personality disorder, and a history of alcohol abuse, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a significant range of light work, but could not return to his past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a cafeteria attendant, a fast food worker, and a vegetable sorter -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In two broad grounds for relief, plaintiff contends that: (1) he meets the requirements of Listing 12.05C pertaining to mental retardation; and (2) the assessment of his residual functional capacity is not supported by substantial evidence.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court

may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff challenges the finding at step 3 of the sequential evaluation analysis that he does not have an impairment that meets or equals Listing 12.05C pertaining to mental retardation. Listing 12.05C provides, in pertinent part:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially

> manifested during the developmental period; *i.e.*, the evidence
> demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the
> requirements in A, B, C, or D are satisfied.
>
> * * * *
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and
> a physical or other mental impairment imposing an additional and
> significant work-related limitation of function.

*See* 20 C.F.R. pt. 404, Subpt. P., App. 1 § 12.05C. To meet the requirements of this listing, the claimant must satisfy the diagnostic elements of the introductory paragraph as well as the specific factors of paragraph C. *See Randall v. Astrue*, 570 F.3d 651, 659-60 (5th Cir. 2009); *Arce v. Barnhart*, 185 Fed.Appx. 437, 2006 WL 1765899 at *1 (5th Cir. Jun. 22, 2006). A formal diagnosis of mental retardation is not required. *See Blackstock v. Astrue*, 527 F.Supp.2d 604, 619 (S.D. Tex. 2007) (citing cases).

The record shows that plaintiff scored 70 or below on formal IQ tests administered in 1989, 1992, and 1995, when he was 7, 10, and 13 years old, respectively. (*See* Tr. at 174, 191, 196). In 1989, when plaintiff was in the first grade, he was referred to special education due to "low level functioning." (*Id.* at 192). A Comprehensive Individual Assessment prepared by an educational diagnostician noted that plaintiff appeared to be functioning "<u>below</u> expected level for mild mentally retarded[,]" and that his "level of intellectual functioning is consistent with [his] adaptive behavior." (*Id.* at 196) (emphasis in original). When plaintiff was 10 years old, another evaluator determined that he was mildly mentally retarded with "deficits in functioning which exist concurrently with [his] deficits in intellectual functioning." (*Id.* at 186). Plaintiff's overall adaptive behaviors were determined to "fall within the low level of adaptive." (*Id.* at 184). There is no indication that any of these findings were invalid due to malingering, lack of effort, or any other reason. To the

contrary, one evaluator noted that plaintiff "kept trying[,]" (*see id.* at 196), and another evaluator commended plaintiff for exhibiting "an alert cooperative attitude[.]" (*See id.* at 174).

This evidence at least suggests that plaintiff may meet the requirements of Listing 12.05C -- subaverage general intellectual functioning with deficits in adaptive functioning, the onset of which occurred before he reached 22 years of age, and a valid IQ score of 70 or below. Plaintiff also suffers from other impairments that significantly limit his physical or mental ability to do basic work activities. (*See* Tr. at 21-22). Yet the ALJ wholly failed to consider Listing 12.05C in finding that plaintiff was not disabled. *See, e.g. Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (ALJ has a duty to analyze plaintiff's impairments under every applicable listing); *Simmons v. Astrue*, No. 3-10-CV-1516-B-BK, 2011 WL 1196938 at *5 (N.D. Tex. Mar. 11, 2011), *rec. adopted*, 2011 WL 1211053 (N.D. Tex. Mar. 30, 2011) (ALJ must consider Listing 12.05C where record includes evidence of low IQ and other severe impairment); *Kingsbury v. Astrue*, No. 08-4014-JAR, 2008 WL 4826139 at *5 (D. Kan. Nov. 5, 2008) (same). Indeed, the hearing decision does not directly address the issue of mental retardation at all. (*See* Tr. at 18-26). The only discussion that touches on plaintiff's mental retardation is a brief statement that:

> A consultative examiner noted that the claimant's IQ scores were consistent with mild mental retardation but concluded that the claimant scored lower than his actual capabilities because he tended not to attempt the more difficult test items. Based upon the claimant's behavior, the consultant examiner was of the opinion the claimant's verbal abilities and overall level of functioning were within the borderline range.

(*Id.* at 22). A careful review of the record reveals that plaintiff obtained a verbal IQ score of 68, a performance IQ score of 81, and a full scale IQ score of 72 on a formal intelligence test administered by Dr. Leon Morris as part of a consultative examination performed on January 6, 2003, when plaintiff was 20 years old. (*Id.* at 288-92). In his narrative report, Dr. Morris observed that, although

plaintiff was "generally cooperative throughout the examination, [ ] he tended not to attempt the more difficult test items, and he, therefore, scored slightly below his potential on some of the subtests." (*Id.* at 288). Notwithstanding plaintiff's low verbal IQ score, Dr. Morris concluded that his verbal abilities and overall level of performance functioning were "borderline," and that his spatial ability, social intelligence, and planning ability were "essentially average." (*Id.* at 290).

The ALJ referenced Dr. Morris's report in support of his finding that plaintiff's overall level of functioning fell within the borderline range. (*See id.* at 22). However, the judge all but ignored plaintiff's school records and three other formal evaluations suggesting that plaintiff was mentally retarded. (*See id.* at 64-203). The Fifth Circuit has made it clear "that the ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position." *Loza v. Apfel*, 219 F.3d 378, 393-394 (5th Cir. 2000). The ALJ's failure to consider all the relevant evidence, as well as his failure to consider whether plaintiff is mentally retarded under Listing 12.05C, warrant remand. *See Ontiveros v. Astrue*, No. CV-10-4215-PLA, 2011 WL 1195935 at *5 (C.D. Cal. Mar. 30, 2011) (remand required where ALJ did not expressly reference Listing 12.05C and did not discuss all relevant evidence in the context of the Listing).

## CONCLUSION

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[1]

SO ORDERED.

DATED: April 22, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled after the ALJ carefully considers all relevant evidence in the context of Listing 12.05C.